# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| THOMAS SCHELL and<br>CHRISTOPHER RILEY, on behalf of<br>themselves and all others similarly<br>situated, | : : : : : | Case No. 1:21-cv-00103<br><br>Judge Michael R. Barrett |
| **Plaintiffs,** | : : | |
| v. | : : | |
| THE KROGER COMPANY d/b/a<br>KROGER, | : : : | DEFENDANT'S ANSWER TO<br>PLAINTIFFS' COMPLAINT |
| **Defendant.** | : | |

For its Answer to the Complaint filed by Plaintiffs Thomas Schell and Christopher Riley (collectively, "Plaintiffs"), Defendant The Kroger Co. ("Defendant") states as follows:

## NATURE OF THE ACTION

1. Defendant admits Assistant Store Managers ("ASMs") are classified as exempt. Defendant denies the remaining allegations in Paragraph 1.

2. Defendant admits that it operates supermarkets in several states, and that it employs ASMs. To the extent that Paragraph 2 contains any remaining factual allegations, Defendant denies same.

3. Defendant denies the allegations in Paragraph 3.

4. Defendant admits the allegations in Paragraph 4.

5. Defendant admits ASMs are classified as exempt. Defendant denies the remaining allegations in Paragraph 5.

6. Paragraph 6 contains no allegations for Defendant to admit or deny. To the extent Paragraph 6 contains any allegations, Defendant denies them.

1

7. Defendant denies the allegations in Paragraph 7.

## **THE PARTIES**

*Plaintiff Thomas Schell*

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of any averment regarding Schell's current residency, and on such basis, Defendant denies all such averments. Defendant denies that it employed Schell. Further answering, on the basis of information and belief, Defendant admits that Schell worked as an ASM at several different stores between January 2018 and December 2020. To the extent that Paragraph 8 contains any remaining factual allegations, Defendant denies same.

9. Defendant denies that it employed Schell. Defendant admits ASMs are classified as exempt. Defendant denies the remaining allegations in Paragraph 9 for lack of knowledge or information sufficient to form a belief.

10. Defendant denies that it employed Schell. Defendant denies the remaining allegations in Paragraph 10 for lack of knowledge or information sufficient to form a belief.

11. Defendant denies the allegations in Paragraph 11 for lack of knowledge or information sufficient to form a belief.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant admits ASMs are classified as exempt. Defendant denies the remaining allegations in Paragraph 13 for lack of knowledge or information sufficient to form a belief.

14. Exhibit A to Plaintiffs' Complaint speaks for itself, and Defendant therefore denies any further characterization of it. To the extent that Paragraph 14 contains any remaining factual allegations, Defendant denies same.

*Plaintiff Christopher Riley*

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth of any averment regarding Riley's current residency, and on such basis, Defendant denies all such averments. Further answering, Defendant admits that Riley worked as an ASM at several different stores between April 2018 and July 2020. To the extent that Paragraph 15 contains any remaining factual allegations, Defendant denies same.

16. Defendant admits ASMs are classified as exempt. Defendant denies the remaining allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant admits ASMs are classified as exempt. Defendant denies the remaining allegations in Paragraph 20.

21. Exhibit B to Plaintiffs' Complaint speaks for itself, and Defendant therefore denies any further characterization of it. To the extent that Paragraph 21 contains any remaining factual allegations, Defendant denies same.

*Defendant The Kroger Company*

22. Defendant admits the allegations in Paragraph 22.

23. Defendant admits it owns and operates grocery stores in several states. Defendant further admits it has wholly-owned subsidiaries that own and operate grocery stores. Defendant denies the remaining allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. The allegations in Paragraph 26 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 26.

27. Defendant admits the allegations in Paragraph 27.

## JURISDICTION AND VENUE

28. Defendant admits this Court has subject matter jurisdiction over Plaintiffs' claims but denies that any of the alleged acts occurred.

29. Defendant admits this Court is empowered to issue a declaratory judgment but denies that any of the alleged acts occurred.

30. Defendant admits that the Court has personal jurisdiction but denies that any of the alleged acts occurred.

31. Defendant admits that it operates stores in Ohio and that the Court has personal jurisdiction. Defendant denies any remaining allegations in Paragraph 31 and denies that any of the alleged events giving rise to Plaintiffs' claims occurred.

32. Defendant admits it resides in this District for purposes of venue. Defendant denies that any of the alleged events giving rise to Plaintiffs' claims occurred. Defendant lacks sufficient knowledge or information to form a belief as to the truth of any averment regarding Plaintiffs' current residency, and on such basis, Defendant denies all such averments.

## GENERAL FACTUAL ALLEGATAIONS

33. Defendant admits the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. The 2019 annual report referenced in Paragraph 35 speaks for itself, and Defendant therefore denies any further characterization of it. Further answering, Defendant admits that it

and its subsidiaries operate a large network of supermarkets. Defendant denies any remaining allegations in Paragraph 35.

36. The 2019 Fact Book referenced in Paragraph 36 of Plaintiff's Complaint speaks for itself, and Defendant therefore denies any further characterization of it. Defendant denies any remaining allegations in Paragraph 36.

37. The 2019 Fact Book referenced in Paragraph 37 of Plaintiff's Complaint speaks for itself, and Defendant therefore denies any further characterization of it. Defendant denies any remaining allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies same.

40. Defendant admits ASMs are not paid overtime. Defendant denies the remaining allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant admits ASMs are classified as exempt. Defendant denies the remaining allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant admits ASMs are classified as exempt. Defendant denies the remaining allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

57. Defendant admits Plaintiffs purport to assert collective action claims but denies that collective treatment is appropriate or that Defendant has violated any law. Defendant denies the remaining allegations in Paragraph 57.

58. The allegations in Paragraph 58 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58.

59. The allegations in Paragraph 59 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59.

60. The allegations in Paragraph 60 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant admits ASMs were not paid overtime. Defendant denies the remaining allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66, including all subparts.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act: Unpaid Overtime Wages**
**(Brought on Behalf of Plaintiffs and the ASM Collective)**

70. Defendant incorporates its responses to the foregoing Paragraphs as though fully restated herein.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

76. Defendant denies the allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant denies the allegations contained in the "Wherefore" Paragraph of Plaintiffs' Complaint, and specifically denies that Plaintiffs are entitled to any of the relief sought.

83. Defendant denies each and every allegation contained in Plaintiffs' Complaint unless specifically admitted herein, including any factual allegations contained in the headings of Plaintiffs' Complaint.

## DEFENSES

Defendant hereby asserts the following defenses, without prejudice to its right to argue that Plaintiffs bear the burden of proof as to any or all of these defenses.

## FIRST DEFENSE

Plaintiffs' claims are barred to the extent that the Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of payment. Plaintiffs were paid all compensation owed.

## THIRD DEFENSE

Plaintiffs' claims are barred to the extent that Defendant's actions have been taken in good faith, in conformity with, and in reliance upon, rulings, administrative regulations, interpretations, orders, opinions, practices, or enforcement policies of the Department of Labor, including but not limited to within the meaning of 29 U.S.C. § 259.

## FOURTH DEFENSE

Plaintiffs' claims must be dismissed as Plaintiffs were classified as exempt and therefore are not entitled to overtime compensation. Plaintiffs were exempt pursuant to the administrative and executive exemptions, at a minimum.

## FIFTH DEFENSE

Plaintiffs' claims are barred to the extent they exceed what is available under federal law.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the equitable doctrines of release, waiver, estoppel, unclean hands, and laches.

## SEVENTH DEFENSE

Plaintiffs' collective action claims are barred to the extent that Plaintiffs lack standing to bring the proposed collective action under the FLSA.

## EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part by virtue of the fact that Defendant took and takes reasonable steps to ensure that its payment practices are lawful, and despite Defendant's open door practices, at no time prior to the filing of this lawsuit did Plaintiffs ever bring any concerns or complaints to Defendant similar to those alleged in this lawsuit. Had such claim or concern been raised, Defendant would have investigated the matter and taken whatever remedial steps necessary, if any, to remedy the situation.

## NINTH DEFENSE

Plaintiffs' collective action claims are barred to the extent that Plaintiffs are not similarly situated to the purported collective action members whom Plaintiffs seek to represent.

## TENTH DEFENSE

Plaintiffs' claims for liquidated damages are barred because Defendant acted reasonably and in good faith at all times and had reasonable grounds for believing that it fully complied with applicable law.

## ELEVENTH DEFENSE

Even if Plaintiffs were non-exempt (which they were not), Plaintiffs' claims would be barred to the extent Plaintiffs seek compensation for time that does not constitute compensable

working time within the meaning of the FLSA.

## TWELFTH DEFENSE

Even if Plaintiffs were non-exempt (which they were not), if Plaintiffs were not compensated for any hours worked, which Defendant denies, then such hours were worked without notice to Defendant, and were worked in violation of Defendant's policies and without the knowledge and sufferance of Defendant.

## THIRTEENTH DEFENSE

Plaintiffs have been paid all amounts to which they are legally entitled.

## FOURTEENTH DEFENSE

Even if Plaintiffs' allegations are true (which Defendant denies), the time for which Plaintiffs allege that they were not compensated was insubstantial or insignificant, and these periods of time are "de minimis" and are not compensable under the FLSA.

## FIFTEENTH DEFENSE

Even if Plaintiffs were non-exempt (which they were not), then to the extent that Plaintiffs were not compensated for compensable working time, they were not compensated for this time as a direct result of their failure to follow Defendant's reasonable procedures for reporting time worked, pursuant to *White v. Baptist Memorial Hospital*, 699 F.3d 869 (6th Cir. 2012), and similar cases.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred either in whole or in part due to accord and satisfaction.

## SEVENTEENTH DEFENSE

To the extent that Plaintiffs received any overpayments during their employment, any recovery in this matter is subject to a set-off for those overpayments.

## EIGHTEENTH DEFENSE

Plaintiffs are not entitled to prejudgment interest.

## NINETEENTH DEFENSE

Plaintiffs cannot establish that any acts or omissions of Defendant were willful violations of the law.

## TWENTIETH DEFENSE

Even if Plaintiffs were non-exempt and entitled to overtime compensation (which they were not), they would only be entitled to half time pay, as their salary was intended to fully compensate them for all hours worked.

## TWENTY FIRST DEFENSE

Defendant reserves the right to assert such other defenses as may arise during the course of this litigation.

WHEREFORE, having fully answered, Defendant demands Plaintiffs' Complaint be dismissed with prejudice and that Defendant be awarded their costs and attorney's fees associated with defending against Plaintiffs' claims.

/s/ David K. Montgomery
David K. Montgomery (0040276)
Jamie Goetz-Anderson (0083562)
Jeremy D. Smith (0088539)
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, Ohio 45202
Telephone (513) 898-0050
Fax: (513) 898-0051
Email: David.Montgomery@jacksonlewis.com
Email: Jamie.Goetz-Anderson@jacksonlewis.com
Email: Jeremy.Smith@jacksonlewis.com

*Attorneys for Defendant*
*The Kroger Company d/b/a Kroger*

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed via the Court's CM/ECF system, which will send notification to all counsel of record on this 16th day of April, 2021.

/s/ David K. Montgomery
David K. Montgomery

4819-9014-6526, v. 3