IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THOMAS SCHELL and CHRISTOPHER RILEY, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>     v.<br><br>THE KROGER COMPANY d/b/a KROGER,<br><br>               Defendant. | Case No. 1:21-cv-00103-MRB<br><br>Judge Michael R. Barrett<br><br>**JOINT DISCOVERY PLAN** |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Trial Procedure Order. The parties conducted their discovery conference on September 24, 2021.

**A.**     **MAGISTRATE CONSENT**

The parties:

☐     unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

☒     do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

☐     unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial setting, civil or criminal).

**B.**     **RULE 26(a) DISCLOSURES**

☐     The parties have exchanged pre-discovery disclosures as required by Rule 26(a)(1).

☒     The parties will exchange such disclosures by **October 29, 2021.**

☐ The parties are exempt from disclosure under Rule 26(a)(1)(E).

**C. DISCOVERY ISSUES AND DATES**

1. Discovery will need to be conducted on the issues of:

   This case asserts FLSA claims as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of all similarly situated current and former Assistant Store Managers ("ASMs") employed by Defendant at its Kroger store locations. Defendant denies Plaintiff's allegations. With the Court's approval, the parties agree that discovery in this case should be stayed until after the Court rules on Plaintiff's FLSA Motion for Conditional Certification and Court-Authorized Notice ("Plaintiff's FLSA Motion").[1]

   The parties submit that scheduling the deadline for discovery should be deferred until after Plaintiff's FLSA Motion is decided. The parties believe that this ruling will significantly affect the scope of post-certification discovery and, accordingly, the time required to complete it. Plaintiff's FLSA Motion will be filed on or before **October 8, 2021.**

2. The parties recommend that discovery:

   ☐ need not be bifurcated

   ☐ should be bifurcated between liability and damages

   ☐ should be bifurcated between factual and expert

   ☒ should be limited in some fashion or focused upon particular issues which relate to: *See* ¶C.1.

3. Disclosure and report of Plaintiff's expert(s) by: Plaintiff is not using any expert in connection with his FLSA Motion. Plaintiff submits that the deadline for the

---

[1] This case is one of six which asserts claims that Defendant's ASMs were improperly denied overtime compensation under the FLSA. The other cases – which are all proceeding before this Court – are *Kevin Mullins v. The Kroger Co., et al.*, No. 1:19-cv-964 (S.D. Ohio); (2) *Jacob Wilson v. The Kroger Co., et al.*, No. 1:20-cv-936 (S.D. Ohio); (3) *William Powell, et al. v. The Kroger Co., et al.*, No. 1:21-cv-345 (S.D. Ohio); (4) *Christopher Levi v. The Kroger Co., et al.*, No. 1:21-cv-42 (S.D. Ohio); and (5) *Isaiah Lovendahl, et al. v. The Kroger Co.*, No. 1:21-cv-350 (S.D. Ohio). The parties previously stipulated to conditional certification in this case as to five of the eleven Kroger-branded divisions for whom an existing opt-in (as of May 13, 2021) had worked. Doc. 15. Since then, Plaintiff has filed consents from individuals who worked at the remaining 6 Kroger-branded divisions and plans to move for conditional certification as to those divisions. The parties met and conferred, and Defendant does not agree to stipulate to conditional certification as to the ASMs who worked in the remaining divisions.

disclosure of experts, if any, and submission of expert reports should be established by the Court following its decision on Plaintiff's FLSA Motion or, if Plaintiff's motion is granted, the close of the opt-in period.

4. Disclosure and report of Defendant's expert(s) by: Defendant does not currently plan to use any experts in connection with responding to Plaintiff's FLSA Motion.

5. Disclosure and report of rebuttal expert(s) by: Not applicable.

6. Disclosure of non-expert (fact) witnesses: Not applicable.

7. Discovery cut-off: Not applicable.

8. Anticipated discovery problems:

   ☐ _____

   ☒ None.

9. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation; (2) prepare for case dispositive motions; and (3) prepare for trial: *See* ¶C.1

10. Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

   ☒ Yes. The parties are meeting and conferring regarding electronically stored information ("ESI"). Plaintiff has sent correspondence to Defendant regarding the categories and types of ESI that may be relevant to the parties' claims and defenses.

   ☐ No.

   i. The parties have electronically stored information in the following formats: Plaintiff may have e-mails and electronic versions of schedules and other documents created by Defendant which were sent to Plaintiffs. Defendant may have documents in Word, Excel, and PDF format, as well as emails.

   ii. The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

The parties anticipate the production of ESI during discovery, including with respect to e-mails and electronic documents maintained by either party. After the Court decides Plaintiffs' FLSA Motion – and after any notice and opt-in process approved by the Court is complete – the parties will meet and confer in good faith regarding the obligation to produce ESI, including the search for ESI, the format for production, and the production of metadata.

11. Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Civ. P. 502.

&boxtimes; Yes. The parties are meeting and conferring regarding a stipulated protective order which includes a provision under Fed. R. Civ. P. 502.

☐ No.

i. The case presents the following issues relating to claims or privilege or of protection as to trial preparation materials: None.

ii. Have the parties agreed on a procedure to assert such claims AFTER production?

☐ No.

&boxtimes; Yes. The parties stipulated protective order includes a procedure to assert such claims.

☐ Yes, and the parties ask that the Court include the following agreement in the scheduling order: _____.

**D. LIMITATIONS ON DISCOVERY**

1. Changes in the limitations on discovery:

☐ Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.

☐ Extension of the number of depositions (currently 10) permitted to _____.

4

☐ Extension of number of interrogatories (currently 25) to _____.

☒ None (with the exception of the limitations contained in ¶C.1).

**E. PROTECTIVE ORDER**

☒ A protective order will likely be submitted to the Court on or before **October 29, 2021.**

☐ The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996).

**F. SETTLEMENT**

A settlement demand __X__ has _____ has not been made.

A response __X__ has _____ has not been made.

A demand can be made by: The parties have engaged in significant settlement discussions, including two mediation sessions with experienced wage and hour mediator Michael Russell, Esq. The parties have not reached a settlement.

A response can be made by: Not applicable.

**G. MOTION DEADLINES**

1. Motion to amend the pleadings and/or add parties by: The parties believe the deadline should be set after the Court rules on Plaintiff's FLSA Motion.

2. Motions relative to the pleadings by: The parties agree to the following schedule for Plaintiff's FLSA Motion:

    Deadline for Plaintiff's Motion: **October 8, 2021.**

    Deadline for Defendant's Opposition: **October 29, 2021.**

    Deadline for Plaintiff's Reply: **November 5, 2021.**

    Any hearing on Plaintiff's FLSA shall be as scheduled by the Court.

3. Dispositive motions by: The parties agree that they will propose a briefing schedule for any dispositive motions ahead of a case management conference following the Court's decision on Plaintiff's FLSA Motion or, if Plaintiff's Motion is granted, the close of the notice and opt-in period.

H. **OTHER MATTERS PERTINENT TO MANAGEMENT OF THIS LITIGATION**

None.

| | |
|---|---|
| *s/ Jason Conway* | *s/ David K. Montgomery (w/ permission)* |
| Jason Conway (PA 317113) | David K. Montgomery (0040276) |
| **CONWAY LEGAL, LLC** | Jamie Goetz-Anderson (0083562) |
| 1700 Market Street, Suite 1005 | **JACKSON LEWIS P.C.** |
| Philadelphia, PA 19103 | 201 E. Fifth Street, 26th Floor |
| Telephone: (215) 278-4782 | Cincinnati, Ohio 45202 |
| Fax: (215) 278-4807 | Telephone (513) 898-0050 |
| jconway@conwaylegalpa.com | Fax: (513) 898-0051 |
| | David.Montgomery@jacksonlewis.com |
| Bruce Meizlish (OH Id. No. 0033361) | Jamie.Goetz-Anderson@jacksonlewis.com |
| Deborah Grayson (OH Id. No. 006277) | |
| **MEIZLISH & GRAYSON** | *Attorneys for Defendant* |
| 830 Main Street, Suite 999 | |
| Cincinnati, Ohio 45202 | |
| Phone: (513) 345-4700 | |
| Facsimile: (513) 345-4703 | |
| brucelaw@fuse.net | |
| drgrayson@fuse.net | |

*Attorneys for Plaintiff and the Members of the ASM Collective*

# CERTIFICATE OF SERVICE

I certify that, on October 5, 2021, I caused a true and correct copy of the aforementioned document to be served on all counsel of record in this matter through operation of the Court's CM/ECF system.

*s/ Jason Conway*
Jason Conway