IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THOMAS SCHELL and CHRISTOPHER RILEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER COMPANY d/b/a KROGER,<br><br>Defendant. | Case No. 1:21-cv-00103-MRB |

PLAINTIFFS' MOTION FOR CONDITIONAL
CERTIFICATION AND COURT-AUTHORIZED NOTICE

Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek conditional certification and approval to send notice of this lawsuit to all members of the following proposed collective:

> All current and former "Assistant Store Managers"[1] who work(ed) for Kroger in its Central (Indianapolis), Michigan, Louisville, Dallas, Houston and Mid-Atlantic (Roanoke) divisions at any time on or after October 8, 2018 to the present, and who were classified as exempt from overtime compensation (the "ASM Collective").

In support, Plaintiffs state as follows:

(1) Nine individuals – two (2) named Plaintiffs and seven (7) Opt-In Plaintiffs (collectively, "Plaintiffs") – have uniformly alleged that The Kroger Company d/b/a Kroger ("Kroger" or "Defendant") failed to pay them and all other similarly-situated Assistant Store Managers ("ASMs") overtime compensation in accordance with the FLSA

(2) Specifically, Plaintiffs allege that they were improperly classified as exempt and denied overtime compensation for all hours worked above forty (40) in a work week. Plaintiffs

1

allege that Defendant's violations were deliberate and its exemption policy was uniformly applied in order to reduce store labor costs – as demonstrated by the considerable overtime hours Plaintiffs were required to work in order to perform routine, hourly tasks such as helping customers, working the cash register, moving products, stocking shelves, setting and resetting displays, counting inventory, cleaning the store, and otherwise standing in as cashiers, stockers, or other hourly workers.

(3) The allegations in the Complaint and the declarations of the nine Plaintiffs, including Defendant's corporate documents, support conditional certification. Taken together, Plaintiffs have exceeded their lenient burden of showing that they are similarly situated to ASMs nationwide.

(4) As demonstrated by the accompanying Memorandum of Law, the members of the ASM Collective: (1) are uniformly classified as exempt from overtime and not required to record the hours they work; (2) are paid a salary and receive the same benefits; (3) are subject to Defendant's uniform store policies and procedures; (4) are subject to the same job description and expected to perform the same job duties; (5) are trained using the same materials; (6) work more than forty (40) hours in a workweek but are not paid overtime compensation; and (7) are together the victims of a single policy, practice, or plan that violates the FLSA (*i.e.*, to misclassify ASMs as exempt in order to reduce store labor costs). Defendant's policy, practice, or plan applies regardless of the location of the store where ASMs work, their length of employment, their supervisor, or any other relevant factor.

(5) Accordingly, because Plaintiffs easily satisfy the lenient standard applicable at this first-stage of the two-step conditional certification process, the Court should – as it and others in this District have done repeatedly (including with less evidence than here) – grant

---

[1] This also includes individuals holding the title of "Assistant Store Leader."

conditional certification of the ASM Collective and permit notice of this lawsuit to be sent to permit ASMs an opportunity to join.

WHEREFORE, Plaintiffs respectfully request that the Court grant their Motion, including the proposed form and manner of distribution, in order to notify ASMs of their right to join this action. A proposed Order is attached for the Court's consideration.

Dated: October 8, 2021
      Philadelphia, PA

*s/ Jason Conway*
Jason Conway
**CONWAY LEGAL, LLC**
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (215) 278-4782
Fax: (215) 278-4807
jconway@conwaylegalpa.com

Bruce Meizlish (OH Id. No. 0033361)
Deborah Grayson (OH Id. No. 006277)
**MEIZLISH & GRAYSON**
830 Main Street, Suite 999
Cincinnati, Ohio 45202
Phone: (513) 345-4700
Facsimile: (513) 345-4703
brucelaw@fuse.net
drgrayson@fuse.net

***Attorneys for Plaintiff and the Putative ASM Collective***

## **CERTIFICATE OF SERVICE**

I certify that, on October 8, 2021, I caused a true and correct copy of the aforementioned document to be served on all counsel of record in this matter through operation of the Court's CM/ECF system.

<i>s/ Jason Conway</i><br>
Jason Conway