# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| THOMAS SCHELL and CHRISTOPHER RILEY, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE KROGER COMPANY d/b/a KROGER,<br><br>　　　　　Defendant. | Case No. 1:21-cv-00103-MRB |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR**
**CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE**

Plaintiffs have met their low burden of showing that they and other salaried, exempt Assistant Store Managers ("ASMs") are similarly situated for purposes of conditional certification. Despite this, Defendant's response (Doc. 46) holds Plaintiff to standards that no court has ever accepted at this stage of the proceedings; repeatedly argues merits issues; urges this Court to disregard evidence of its uniform treatment of ASMs; and ultimately requests deferral of a ruling on Plaintiff's Motion because the certification process *may* be subject to an interlocutory appeal to the Sixth Circuit. It is difficult, however, to imagine a case better suited for certification and, in their haste to argue that ASMs are not similarly situated, Defendant *concedes that they are*. In fact, time and again, Kroger has approved of – and consented to use – the two-step process for determining whether its ASMs are "similarly situated" for purposes of proceeding collectively to trial on their Fair Labor Standards Act ("FLSA") claims, including previously in this case.

## I. ARGUMENT

Nearly one year ago, this Court conditionally certified the first of six lawsuits filed by ASMs against Kroger and its wholly owned subsidiaries alleging that they were misclassified as exempt and denied unpaid overtime in violation of the FLSA. *See Mullins v. The Kroger Co., et al.*, No. 1:19-cv-964 (S.D. Ohio) ("*Mullins*"), Doc. 30 (granting conditional certification on behalf of ASMs who worked in Kroger's "Fry's Food" branded stores). Since then, conditional certification has either been granted or stipulated between the parties in four additional cases, <u>including partial certification of the claims in this case.</u> *See Powell v. The Kroger Co., et al.*, No. 1:21-cv-345 (S.D. Ohio) ("*Powell*"), Docs. 43, 46 (granting conditional certification on behalf of ASMs who worked in Kroger's "King Soopers/City Market" branded stores); *Wilson v. The Kroger Co., et al.*, No. 1:20-cv-936 (S.D. Ohio) ("*Wilson*"), Doc. 17 (stipulating to conditional

certification on behalf of ASMs who worked in Kroger's "Pick 'n Save" branded stores); and *Levi v. The Kroger Co., et al.*, No. 1:21-cv-42 (S.D. Ohio) ("*Levi*"), Doc. 15 (stipulating to conditional certification on behalf of ASMs who worked in Kroger's "Fred Meyer" branded stores); *Schell v. The Kroger Co.*, 1:21-cv-00103-MRB (*"Schell"*), Doc. 15 (stipulating to conditional certification of behalf of ASMs who worked in five of eleven divisions operating "Kroger" branded stores). In addition, the plaintiff in the sixth lawsuit – styled *Lovendahll. v. The Kroger Co. and Smith's Food & Drug Centers, Inc. d/b/a Smith's Food & Drug*, No. 1:21-cv-350 (S.D. Ohio) ("*Lovendahl*") – recently moved for conditional certification on behalf of ASMs who work in Kroger's "Smith's Food and Drug" branded stores. *Lovendahl*, Doc. 16. **In total, nearly 1,400 ASMs have joined these actions, including more than 850 in this case alone.** *See* Doc. 42. Plaintiffs are now moving for conditional certification in the six remaining divisions which operate "Kroger" branded stores – namely, Central (Indianapolis), Michigan, Louisville, Dallas, Houston, and Mid-Atlantic (Roanoke).

Adding to the overwhelming weight in support of conditional certification, Defendant concedes that it has a uniform policy of classifying all ASMs as exempt from overtime compensation (Doc. 9 (Defendant's Answer), PAGEID# 40) (admitting that ASMs are classified as exempt), that ASMs are subject to the same uniform job description (Doc. 46, PAGEID# 2332-33) (admitting that the position description of the ASM role generally defines the same types of duties and responsibilities (*id*. at PAGEID# 2333), and ASMs are required to complete Kroger's "extensive, 12-week management training program" before beginning work in the ASM role. *Id*. Kroger also acknowledges that ASMs are evaluated on the same job duties (*id*., at PAGEID# 2338) ("The performance evaluations demonstrate ASMs are evaluated on their performance of exempt duties."). These concessions are alone enough to warrant notice in a

2

typical case, especially given Plaintiff's low burden, let alone in this case where multiple district courts – including this Court – have granted conditional certification based on the same evidence. *See Mullins*, Doc. 30, PAGEID# 1504-5 (granting conditional certification on the basis of, among other things, Kroger's uniform job description and training materials); *Powell*, Doc. 43, at 3 (same); *Kujat v. Roundy's Supermarkets, Inc.*, No. 18 C 5326, 2019 U.S. Dist. LEXIS 74149, at *3-4 (N.D. Ill. May 2, 2019) (conditionally certifying unpaid overtime claims on behalf of Defendant's exempt "Replenishment Managers" and "Bench Replenishment Managers" where they were subject to a common job description, performance evaluation process, and training materials). In addition, as it has done here, Kroger has a history of stipulating to conditional certification for purposes of sending notice to affected individuals. *See e.g.*, *Hardesty v. Kroger Co.*, No. 1:16-cv-298, 2016 U.S. Dist. LEXIS 93866, at *2 (S.D. Ohio, July 19, 2016) (Black, *J.*) (stipulating to conditional certification as to the claims of Defendant's exempt "CoRe" recruiters).

Such is the uniformity of Defendant's practices and the work performed by their assistant managers that even applying the more stringent test for stage two certification – typically predicated by a defendant's motion for "decertification" of the conditionally certified collective – that courts do not hesitate to find that the plaintiff's claims should proceed collectively to trial. *See e.g.*, *Hardesty v. Kroger Co.*, No. 1:16-cv-298, 2018 U.S. Dist. LEXIS 167327, *15-16 (Sep. 28, 2018) *appeal denied by In re Hardesty*, No. 18-0317, 2018 U.S. App. LEXIS 32171 (6th Cir., Nov. 13, 2018) (denying Kroger's motion for decertification and finding that, among other things, the managers' claims were unified by a common theory – *i.e.*, "Kroger's classification decision violated the FLSA" – that they performed the same primary non-management duties, and have "similar job descriptions and training[.]"). In fact, demonstrating that unpaid overtime

claims are eminently appropriate for collective determination, this Court denied the defendant's attempts to decertify, under the more rigorous Rule 23 class certification standard, two subclasses of account executives and account executive trainees. *See Hendricks v. Total Quality Logistics*, No. 1:10CV649, 2019 U.S. Dist. LEXIS 96940, *47-48 (S.D. Ohio, Mar. 22, 2019) (Barrett, *J*.).

### A. Plaintiffs Have Met Their Modest Burden for Conditional Certification.

Plaintiffs' evidence – their declarations and those of 6 other ASMs – is more than sufficient to meet Plaintiff's burden.[1] These individuals, *who collectively worked at multiple Kroger stores across the divisions that are currently at issue*, consistently declared that they performed the same type of work, routinely worked more than 40 hours a week, were classified as exempt and not paid overtime compensation, completed the same training using Defendant's uniform training materials, and spent the overwhelming majority of their time performing non-exempt tasks. *See* Doc. 44-1, PAGEID# 1055-1059. Indeed, the evidence belies Defendant's claim that conditional certification should not be granted because "Plaintiffs have not, and cannot, identify a single FLSA-violating policy that is common to all members of the proposed collective." Doc. 46, PAGEID# 2337.[2] This is the same argument that Kroger and its subsidiaries

---

[1] Plaintiffs attach the Declaration of Gabriel Trejo, who worked as an ASM in Defendant's Houston division. *See* Exhibit N.

[2] Defendant argues that Plaintiffs have provided no evidence, beyond "unsupported conclusory assertions" – that other ASMs are subject to the same exempt classification, job description, training, and performance evaluation process as them. Doc. 46, PAGEID# 2338-39. However, Plaintiffs have offered their declarations and those of 6 other ASMs who worked in Defendant's stores in Ohio (Cincinnati and Columbus), Kentucky, Indiana, Michigan, and Texas (Fort Worth and Houston) which demonstrate that there is an identifiable class of potential opt-ins who are similarly situated for purposes of the FLSA and would benefit from receiving notice of this lawsuit. Plaintiffs' declarations indicate that that are no material changes between the work performed by ASMs, the training they undertake, the hours they work, their method of compensation, and status as exempt from overtime under the FLSA. Plaintiffs have "provided factual support for the application of an FLSA-violating policy to a class of employees" who performed similar duties for Kroger. *Kleinhams v. Greater Cincinnati Beh. Hlth. Servs.*, No. 1:21-cv-70, 2021 U.S. Dist. LEXIS 210562, *25 (S.D. Ohio, Nov. 1, 2021). Moreover, at the

4

have made (and lost) in a number of other FLSA cases in which conditional certification was granted. *See e.g.*, *Kujat*, 2019 U.S. Dist. LEXIS 74149, *10 (finding unpersuasive the defendants' argument that the plaintiff was "uniquely situated," noting that concerns regarding "a lack of common facts among potential collective members ... should be raised at step two, not step one."); *Mullins*, Doc. 30, PAGEID# 1504 (granting conditional certification where the plaintiff alleged Kroger had a policy, pattern, and/or practice of misclassifying ASMs as exempt from overtime in order to reduce its store-level labor budgets); *Powell*, Doc. 43, at 2 (granting conditional certification as to the claims of Kroger's ASMs where the plaintiff alleged that they performed substantially similar job duties and were subject to centralized, company-wide compensation policies, patterns, and/or practices resulting in the failure to pay overtime compensation).

Similarly, Defendants' claim that Plaintiffs "cannot rely on corporate materials to demonstrate that they are similarly situated while at the same time claiming that they do not perform the duties in those policies or procedures" is a red herring. Doc. 46, PAGEID# 2339 (internal quotation marks and emphasis omitted).[3] As the court in *Kujat* found, "[t]his argument is unpersuasive. Courts have granted conditional certification based on a common job description even though the description did not accurately describe the plaintiff's job duties." *Kujat*, 2019

---

conditional certification stage, Plaintiffs "need not demonstrate that their position is identical to the position held by putative class members to show they are "similarly situated"; they need only show that their position is similar ... to the positions held by the putative class members." *Kleinhams*, 2021 U.S. Dist. LEXIS 210562, *8 (citing *Comer v. Wal-Mart Stores, Inc.*, 454 F. 3d 544, 546-7 (6th Cir. 2006)); *see also Thomas v. Papa John's Int'l, Inc.*, No 1:17-cv-411, 2019 U.S. Dist. LEXIS 171728, at *3 (S.D. Ohio, Sep. 29, 2019) (Barrett, *J.*). Plaintiffs need only demonstrate that they and the members of the putative collective are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 767 (N.D. Ohio, June 24, 2015). Based on the allegations in the Complaint, Plaintiffs' declarations, the documents common to the ASM position, and Defendant's admissions, Plaintiffs have satisfied their lenient, first-stage burden for conditional certification.

U.S. Dist. LEXIS 74149, *10; *see also*, *Powell*, Doc. 43, at 6-7 (rejecting the same arguments advanced by Kroger and finding that "[c]ourts have granted conditional certification based on a common job description even though the description even though the description did not accurately describe the plaintiffs' job duties."). In fact, that Defendant relies on their job description to attempt to disprove Plaintiffs' claims is evidence enough that ASMs are treated by Defendant as one homogenous group and that conditional certification should be granted. *Haugen v. Roundy's Ill., LLC*, No. 18 C 7297, 2019 U.S. Dist. LEXIS 232406, *6-7 (N.D. Ill., Dec. 13, 2019) (finding the defendant's argument that its job description did not violate the FLSA and, therefore, cannot serve as the basis for the plaintiffs' claims that they are similarly situated to other putative collective action members "is belied by the case that [the defendant] relies on to support it.").

For current purposes, the issue is not whether Plaintiffs' job duties bear a complete resemblance to Defendant's job description, training materials, and company policies, but rather whether these documents are common to ASMs such that they support conditional certification. While they do not, standing alone, evince a common policy, practice, or plan violative of the FLSA, taken together – and with the other evidence submitted by Plaintiffs – they demonstrate that ASMs are similarly situated for purposes of sending them notice of the lawsuit and providing them with an opportunity to join. Defendant's meritless arguments aside, each of the eight declarants stated they spent 80% (or more) of their time as ASMs serving customers, ringing customers up on the cash register, stocking shelves, unloading trucks, moving merchandise, counting inventory, and cleaning the store, and that these were the most important parts of their job. Doc. 44-1, PAGEID# 1055. Courts, including this Court, have granted

---

[3] Among other things, Plaintiffs and the declarants indicated they performed some tasks identified in Defendant's job description, including helping customers. Doc. 44-1, PAGEID# 6.

conditional certification of similar claims based on far less evidence than Plaintiffs present here. *See e.g.*, *Gambrell*, 2021 U.S. Dist. LEXIS 186362, at *6-8 (granting conditional certification based on the declarations of the named plaintiff and three opt-ins); *Powell*, Doc. 43, at 2 (granting conditional certification based on the allegations in the complaint and three declarations).

Plaintiffs need only "make a modest factual showing" that they are similarly situated to the other employees they are seeking to notify. *Heibel v. U.S. Bank N.A.*, No. 2:11-CV-00593, 2012 U.S. Dist. LEXIS 139510, *8 (S.D. Ohio Sep. 27, 2012) (quotation marks and citations omitted). The standard is "fairly lenient ... and typically results in 'conditional certification' of a representative class." *Thomas*, 2019 U.S. Dist. LEXIS 171728, at *3 (citing *Comer*, 454 F. 3d at 546-7); *see also Gambrell v. Rumpke Trans. Co., LLC.*, 2021 U.S. Dist. LEXIS 186362, at n.1 (S.D. Ohio, Sep. 29, 2021) (Barrett, *J.*). It is well-accepted that it is not until after *all* discovery is completed and *all* members of the collective are known that a court makes a conclusive determination as to whether each plaintiff who has opted in-to the collective action is in fact similarly situated to the named plaintiffs. *Gambrell*, 2021 U.S. Dist. LEXIS 186362, at *3; *Thomas*, 2019 U.S. Dist. LEXIS 171728, at *3-4. Plaintiffs have satisfied the lenient burden.

      **B.**      **Defendant's Attempt to Raise Fact Disputes Are Premature.**

Under the guise of providing "context for its argument that Plaintiffs have not demonstrated, through personal knowledge, the existence of a company-wide policy" applicable to other ASMs (Doc. 46, PAGEID #2340, n.4), Defendant submits declarations from two of its current ASMs. *See* Docs. 46-2, and 46-3. Again, this is a red herring, as demonstrated by Defendant's arguments that these individuals performed different job duties than the Plaintiffs and declarants here. Doc. 46, PAGEID# 2345-47 (comparing the work experiences of

Defendant's declarants and two of Plaintiffs' declarants to argue that the "day-to-day duties of ASMs vary … widely"). In so doing, Defendant asks the Court to conduct a premature inquiry into the individual factual assertions of the named and opt-in Plaintiffs and weigh them not only against each other but Defendant's declarants (that is, to assess the merits of Plaintiffs' claims). This is precisely the type of inquiry that courts in this circuit, including this Court, have repeatedly deemed improper at this initial stage of the certification process and, at the first stage of the conditional certification process, the Court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility. *Gambrell*, 2021 U.S. Dist. LEXIS 186362, at *7 (citation omitted). The weighing of competing evidence is reserved for the second stage of the certification process when the court applies a much stricter standard to determine whether collective action members are similarly situated. *Id*., at *3. As here, Plaintiff and the opt-ins are similarly situated because they suffer from Defendant's single, FLSA-violating policy, namely their misclassification as exempt in order to reduce labor costs. *Id*., at *7-8. ("The Court concludes that at this stage of the proceedings, Plaintiff's submissions suggest that Defendant had a common policy and operation at all of its locations."); *see also Adams v. Wenco Ashland, Inc*., No. 1:19-cv- 1544, 2020 U.S. Dist. LEXIS 90856 (S.D. Ohio May 22, 2020).

### C. The Sixth Circuit is Unlikely to Abandon the Two-Step Method for Determining "Similarly Situated" Under the FLSA.

Moving beyond the merits of Plaintiffs' claims, Defendant argues that the Court should defer ruling on Plaintiffs' Motion because Judge McFarland recently granted permission for an interlocutory appeal of his order certifying a collective action in an FLSA unpaid overtime case in light of the Fifth Circuit's decision in *Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430, 441 (5th Cir. 2021). Doc. 46, PAGEID# 2343 (citing *Holder v. A&L Home Care & Training Ctr*, No. 1:20-cv-757, 2021 U.S. Dist. LEXIS 145586, at *16 (S.D. Ohio, Aug. 4,

2021). However, the decision in *Swales* is not binding on this Court, and the parties are currently briefing the question of whether an interlocutory appeal should even be granted by the Sixth Circuit. It is likely that the Court of Appeals will take several weeks – if not months – to decide whether an appeal may be taken. Assuming, *arguendo*, that the Sixth Circuit permits an interlocutory appeal, briefing will take several additional months and a subsequent ruling would not forthcoming until either late 2022 or early 2023 (well after the time when second-stage discovery in this case will likely have been completed). Accordingly, not only is it unlikely that an interlocutory appeal will be granted by the Sixth Circuit, but because merits discovery in this case will likely have been completed by the time any successful appeal and subsequent decision is handed down – and motions for final certification/decertification of Plaintiffs' claims having been filed – any reversal of the two-stage process for conditional certification will have zero impact on this litigation.[4]

Recently, in an analogous FLSA case involving claims that assistant managers were misclassified as exempt and deprived of overtime compensation, an interlocutory appeal of a grant of conditional certification was denied by the district court. *Piazza v. New Albertsons*, No. 20-cv-03187, 2021 U.S. Dist. LEXIS 163417 (N.D. Ill., Aug. 16, 2021) (finding that the statutory criteria for an interlocutory appeal had not been met). There, the defendant subsequently petitioned the Seventh Circuit for a writ of mandamus, which was ultimately denied. The Seventh Circuit found that:

> "[T]he two-step process [for certification] followed by the district court is widely approved by other circuits and used in many district courts … Further, conditional certification and authorization of notice to others who may be similarly situated is a preliminary, non-final step that does not adjudicate any party's rights. The merits of [the plaintiff's] and other employees' claims (and whether they are

---

[4] Recognizing this, Defendant maintains that it "will almost certainly succeed in decertifying this case under any analysis more stringent than the typical "lenient" stage-one review …" Doc. 46, PAGEID# 14.

9

similarly situated) can be litigated later."

*In re New Albertsons, Inc.*, No. 21-2577, 2021 U.S. App. LEXIS 26966, at *5-6 (7th Cir., Sep. 1, 2021). Similarly, "this Court has expressly declined to abandon the two-step process in FLSA cases" (*Gambrell*, 2021 U.S. Dist. LEXIS 186362, at n.1) and continue to apply it subsequent to the Fifth Circuit's decision in *Swales. See e.g.*, *Kleinhams*, 2021 U.S. Dist. LEXIS 210562, at *13-14.

> **D.   Defendant's Arguments as to Decertification are Premature and Irrelevant at the Conditional Certification Stage.**

Defendant contends that Plaintiffs' claims cannot be tried collectively because of the need for individualized inquiries regarding the job duties of each ASM as well as its executive and administrative exemptions. Doc. 43, PAGEID# 2347. Relying on a recent decision which decertified the claims of some of Defendant's other store-level managers – *Haugens v. Roundy's Illinois, LLC d/b/a Mariano's*, 2021 U.S. Dist. LEXIS 146896 (N.D. Ill., Aug. 5, 2021)[5] – as well as the "happy camper" declarations of two captive employees, Defendant contends that the differences in the ASMs' job duties and the variety of exempt managerial and administrative duties they perform would render collective treatment of their claims futile. *Id*., at 2344-47.

---

[5] *Haugens* is distinguishable from the instant case. There, the collective of affected employees – People Service Managers – were responsible for human-resource functions at Defendant's store, including recruiting and hiring, handling employee complaints and grievances, safeguarding employee morale, and ensuring that employees have completed necessary certification and training. *Haugens*, 2021 U.S. Dist. LEXIS 146896, at *2. The evidence demonstrated that the employment experiences of the plaintiffs and several opt-ins varied, with some spending 20% of their time on non-management work and others spending up to 70%. The evidence also demonstrated that they exercised varying levels of independent discretion and independent judgment. *Id*., at *6-8. Accordingly, the *Haugens* court determined that the collective could not be maintained for purposes of proceeding to trial. *Id*., at 14. However, here Plaintiffs' evidence demonstrates that ASMs are not responsible for human resources functions and spend at least 80% of their time on non-management work. Accordingly, facts in *Haugens* are distinguishable from those here.

However, at the conditional certification stage, the Court does not consider the merits of Plaintiffs' claims, resolve factual disputes, or evaluate credibility (*Mullins*, Doc. 30, PAGEID# 9), nor does the Court weigh the declarations submitted by Kroger (which are of limited value because they all come from captive current employees of Kroger).[6]

E.        **The ASM Collective Should Extend Back 3-Years.**

Defendant also contends that, should the Court grant Plaintiffs' Motion, notice be sent to those ASMs who worked within the two-year period immediately prior to the Court's order. Doc. 46, PAGEID# 2348-49. Relying on Judge McFarland's decision in *Holder*, supra, Kroger claims that Plaintiff has failed to demonstrate that Kroger willfully violated the FLSA, thus entitling Plaintiff to a three-year look back period under the FLSA. *Id*. However, Defendant's contention is misplaced.

*First*, Judge McFarland's decision is an outlier in FLSA jurisprudence and is the subject of a potential interlocutory appeal. *Second*, whether Defendant willfully violated the FLSA is a merits-based issue that is reserved for discovery following the Court's decision on Plaintiffs' Motion (and, if granted, once the notice and opt-in period has concluded). As a sister court recently noted: "Whether Defendants' alleged FLSA violations are 'willful' is a question better suited for a later stage of the litigation." *Young v. I Love This Bar, LLC*., No. 20-cv-3971, 2021 U.S. Dist. LEXIS 73915, (S.D. Ohio, Apr. 16, 2021) (granting conditional certification and applying a three-year look back period to the plaintiff's claims); *Smith v. Generations Healthcare Servs. LLC*, No. 2:16-cv-807, 2017 U.S. Dist. LEXIS 106583, at *6 (S.D. Ohio July

---

[6] *Kleinhams*, 2021 U.S. Dist. LEXIS 210562, at *20; *Creely v. HCR ManorCare*, 789 F.Supp.2d 819, 839 (N.D. Ohio., June 9, 2011) ("[T]his Court is not swayed by [the defendant's] submission of thirty-five 'happy camper' affidavits .... [T]he Court's function at this stage of conditional certification is not to perform a detailed review of individualized facts from employees hand-picked by [the defendant]. Those questions of the breadth and manageability of

11, 2017) (Marbley, *J.*) (using three-year limitations period for willful violations at notice stage)). Accordingly, as the Court permitted in *Mullins*, a three-year look back period should apply.[7]

### F. Plaintiffs' Proposed Notice and Distribution Method Are Appropriate.

Defendants' argument that Plaintiffs' notice should be sent only by U.S. Mail and not also via e-mail and text (Doc. 46, PAGEID# 2350) is contrary to the weight of case law from within and outside this district – including this Court's prior order in *Mullins* – approving multiple forms of distribution. *See Mullins*, Doc. 30, PAGEID# 1509 (approving mail and e-mail notice). Individuals move and the addresses that Defendants have for them may be incorrect. In addition, the pervasiveness of e-mail is such that these are arguably better and more efficient methods of communication than U.S. Mail (and there is less of a risk that individuals may disregard the notice and throw it in the trash).[8] Similarly, Defendants' request that the notice not be posted in their stores (Doc. 46, PAGEID# 2350) is inconsistent with this Court's prior decision permitted posting in Kroger's stores. Doc. 30, PAGEID# 1509-10. This is particularly necessary in light of the current pandemic which has disproportionately affected grocery store employees, such as Defendant's ASMs.

Defendant also objects to Plaintiffs sending a reminder postcard half-way through the notice and opt-in period to those members of the putative collective who have not returned a consent form. Doc. 46, PAGEID# 2350. Again, courts routinely permit such postcards to be sent, including in connection with other FLSA misclassification cases involving Kroger and its

---

the class are left until the second stage analysis ...") (internal citations omitted).
[7] To the extent notice is limited to the period beginning three-years before the date of the Court's order granting conditional certification, Plaintiffs request that the statute of limitations on the claims of such individuals be tolled until the close of the notice and opt-in period.
[8] *Gambrell*, 2021 U.S. Dist. LEXIS 186362, at *6-8 ("However, the Court acknowledges that during the COVID pandemic, the increased volume of mail has caused slower mail service.")

subsidiaries. *Haugen*, 2019 U.S. Dist. LEXIS 232406*10; *Kujat*, 2019 U.S. Dist. LEXIS 74149 *13. Finally, Plaintiffs are willing to meet-and-confer with Defendants regarding the time period they need to produce the requested information for the members of the ASM Collective. Doc. 46, PAGEID# 2350.

## II.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion in its entirety.

Dated: November 5, 2021
      Philadelphia, PA

*s/ Jason Conway*
Jason Conway
**CONWAY LEGAL, LLC**
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (215) 278-4782
Fax: (215) 278-4807
jconway@conwaylegalpa.com

Bruce Meizlish (OH Id. No. 0033361)
Deborah Grayson (OH Id. No. 006277)
**MEIZLISH & GRAYSON**
830 Main Street, Suite 999
Cincinnati, Ohio 45202
Phone: (513) 345-4700
Facsimile: (513) 345-4703
brucelaw@fuse.net
drgrayson@fuse.net

***Attorneys for Plaintiff and the Putative ASM Collective***

# **CERTIFICATE OF SERVICE**

I certify that, on November 5, 2021, I caused a true and correct copy of the aforementioned document to be served on all counsel of record in this matter through operation of the Court's CM/ECF system.

*s/ Jason Conway*
Jason Conway
