UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas Schell, et al.,

        Plaintiffs,

v.

The Kroger Company,

        Defendant.

Case No.  1:21-cv-00103

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Motion for Conditional Certification and Court-Authorized Notice filed by Plaintiffs Thomas Schell and Christopher Riley. (Docs. 44, 44-1). Defendant, The Kroger Company, filed a Response in Opposition. (Doc. 46). Plaintiffs filed a Reply. (Doc. 48).

Plaintiffs bring this lawsuit on behalf of themselves and similarly situated current and former Assistant Store Managers, however variously titled, who work or worked at any "Kroger" supermarket in the United States during the relevant period.[1] (Doc. 1). Plaintiff Schell worked for Defendant from January 2017 to December 2020 as an Assistant Store Manager at four Kroger stores located in Ohio, as part of Kroger's Cincinnati division. (Doc. 44-8 Thomas Schell Decl. ¶¶ 1, 3). Plaintiff Riley worked for Defendant from April 2018 to September 2020 as an Assistant Store Manager at four Kroger stores located in Ohio, as part of Kroger's Columbus division. (Doc. 44-9 Christopher Riley Decl. ¶¶ 1, 3). The Complaint alleges that Defendant operates Kroger

---

[1] Plaintiffs have filed Notices of Consent in this case. (Doc. 1-1 PageID 17) (Plaintiff Schell); (Doc. 1-2 PageID 19) (Plaintiff Riley); *see* 29 U.S.C. § 216(b).

retail supermarkets, that also offer other goods and services, in over 1,200 locations in at least 15 states. (Doc. 1 ¶¶ 2, 23).

The Complaint alleges that Defendant failed to pay Plaintiffs and other Assistant Store Managers overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). (Doc. 1). In particular, the Complaint alleges that Defendant has a policy, pattern, and/or practice—related to the alleged underfunding of store labor budgets—wherein Defendant willfully or recklessly misclassify Kroger Assistant Store Managers as exempt from the FLSA's overtime provisions such that Plaintiffs and other Assistant Store Managers repeatedly work more than 40 hours per workweek without any overtime compensation. (*Id.* ¶¶ 5, 13, 20, 40-43, 45, 47, 52, 54, 64, 66, 71-74, 80-81)

Plaintiffs currently ask the Court to conditionally certify the following FLSA collective: all current and former Assistant Store Managers, including Assistant Store Leaders, who worked for Kroger in its Central (Indianapolis), Michigan, Louisville, Dallas, Houston and Mid-Atlantic (Roanoke) divisions at any time on or after October 8, 2018 to the present, and who were classified as exempt from overtime compensation.[2] (Doc. 44 PageID 1044); (Doc. 44-1 PageID 1050-1066); (Doc. 48 PageID 2367-78). Plaintiffs request that the Court permit Notice of this action to be sent to members of the proposed FLSA collective in the remaining six Kroger divisions nationwide informing them of their right to opt-in to this case. (Doc. 44-1 PageID 1066-69); (Doc. 48 PageID 2378-80).

---

[2] In May 2021, the Court approved the parties' Stipulation and Order as to Conditional Certification of Collective Action in which the parties agreed, to facilitate settlement negotiations, that Notice would be distributed to members of a collective made up of Assistant Store Managers in five of its eleven Kroger divisions around the United States. (Doc. 15) ("The attached Notice shall be distributed to the members of the following collective: 'All current and former Assistant Store Managers who work, or worked, for Kroger in its Atlanta, Columbus, Cincinnati, Memphis (Delta), and Nashville divisions at any time on or after April 10, 2018, to the present, and who were classified as exempt from overtime compensation.'"); (Doc. 44-1 PageID 1051); (Doc. 46 PageID 2335).

Defendant requests that the Court defer ruling on Plaintiffs' current motion pending the U.S. Court of Appeals for the Sixth Circuit's ("Sixth Circuit") dispositive decision in the interlocutory appeal in *Holder v. A&L Home Care & Training Ctr.*, LLC, No. 1:20-CV-757, 2021 WL 3400654 (S.D. Ohio Aug. 4, 2021), regarding the continued appropriateness of the two-phase certification process for FLSA collectives in this Circuit. (Doc. 46 PageID 2342-47). In the event that the Court does not defer ruling on the current motion, Defendant responds that Plaintiffs have not met their burden of showing that a collective action should be conditionally certified. (*Id.* PageID 2331-42). Alternatively, and if the Court conditionally certifies Plaintiffs' proposed FLSA collective, Defendant argues that the proposed Notice sought is flawed. (*Id.* PageID 2348-51). Plaintiffs, in Reply, oppose Defendant's request for deferral. (Doc. 48 PageID 2375-77).

The FLSA requires a covered employer to pay overtime wages to an employee who works more than 40 hours per week unless the employee falls into the category of exempted employees. *Viet v. Le*, 951 F.3d 818, 822 (6th Cir. 2020); 29 U.S.C. §§ 207(a)(1), 213. The FLSA authorizes an employee to sue an employer for violations of the FLSA's overtime protections in a collective action on behalf of himself and other employees who are "similarly situated." 29 U.S.C. § 216(b). Employees who are "similarly situated" are permitted to opt-in to the FLSA collective action. *Comer*, 454 F.3d at 546. The lead plaintiffs bear the burden to show that the proposed collective members are similarly situated to the lead plaintiffs. *Myers v. Marietta Mem'l Hosp.*, 20 F. Supp. 3d 884, 890 (S.D. Ohio 2016) (citing *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016)).

Neither the FLSA nor the Sixth Circuit has defined the term "similarly situated." *Id.* (citing *O'Brien*, 575 F.3d at 584). Courts in this Circuit routinely conduct a two-phase inquiry to determine whether plaintiffs are similarly situated: conditional and final certification. *Id.* (citing *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012)); *accord Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017); *see Holder*, 2021 WL 3400654 at *5-6 (explaining that although the Sixth Circuit never expressly adopted the two-phase approach that originated in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), the Sixth Circuit has approved certifying FLSA collectives in two phases). *But see Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 441 (5th Cir. 2021) (rejecting the two-phase approach and holding that district courts should identify, at the outset, what facts and legal considerations will be material to determining whether a group of employees is similarly situated and then authorize preliminary discovery accordingly).

On February 4, 2022, the Sixth Circuit granted the petition for leave to appeal the district court's partial grant of an FLSA collective action in *Holder* and held that the Sixth Circuit will review the issue of what standard to apply when conditionally certifying a collective action, *i.e.*, a one-phase or two-phase inquiry. *In re: A&L Home Care and Training Ctr., et al.*, Sixth Circuit Case No. 21-305 (Doc. 12) (Feb. 4, 2022 Order granting petition); *cf. Brooke Clark, et al v. A&L Home Care and Training Center, LLC, et al.*, Sixth Circuit Case No. 22-3101 (resulting opened appeal).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254

4

(1936). A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Here, and using its discretion, this Court finds that waiting for the decision in *Brooke Clark, et al v. A&L Home Care and Training Center, LLC, et al.*, Sixth Circuit Case No. 22-3101, regarding the continued viability of the two-phase inquiry for conditionally certifying an FLSA collective action in this Circuit, creates some judicial economy. *See Clinton*, 520 U.S. at 706; *Landis*, 299 U.S. at 254; *cf. Betts v. Cent. Ohio Gaming Ventures, LLC*, 351 F. Supp. 3d 1072, 1077 (S.D. Ohio 2019) (granting equitable tolling of the statute of limitations for FLSA opt-in plaintiffs due to judicial delay in ruling on motion for conditional certification); *Biggs v. Quicken Loans, Inc.*, No. 2:10-cv-11928, 2014 WL 12661985, at *5 (E.D. Mich. Feb. 19, 2014) (granting equitable tolling of the statute of limitations for FLSA opt-in plaintiffs due to the district court's ordered stay that lasted over one year).

Based on the foregoing, it is hereby **ORDERED** that that this matter is **STAYED** pending the final disposition of *Brooke Clark, et al v. A&L Home Care and Training Center, LLC, et al.*, Sixth Circuit Case No. 22-3101. The parties shall jointly contact the Court within fourteen (14) days of the final disposition of that matter.

**IT IS SO ORDERED.**

                                   _/s Michael R. Barrett_____
                                   Michael R. Barrett, Judge
                                   United States District Court